UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ROXANA RODRIGUEZ o/b/o A.L.R., | 16-CV-883-MJR |
| | DECISION AND ORDER |
| Plaintiff, | |
| -v- | |
| COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

_____

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 19).

Plaintiff Roxana Rodriguez brings this action pursuant to 42 U.S.C. §405(g) on behalf of her child, A.L.R., seeking judicial review of the final decision of the Commissioner of Social Security denying A.L.R. Supplemental Security Income Benefits ("SSI") under the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Rodriguez's motion (Dkt. No. 12) is granted, the Commissioner's motion (Dkt. No. 17) is denied, and this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## **BACKGROUND**

On July 26, 2012, Rodriguez filed an SSI application on behalf of A.L.R. alleging that A.L.R. has been disabled since October 19, 2011 due to a learning disability. (*See* Tr. 96, 156-61, 188).[2] Born in 2008, A.L.R. was three-years old at the time of the

---

[1] The Clerk of Court is directed to amend the caption accordingly.
[2] References to "Tr." are to the administrative record in this case.

application. (Tr. 156). The application was denied on November 7, 2012 (Tr. 96-100), after which Rodriguez requested a hearing before an Administrative Law Judge (Tr. 101). On January 26, 2014, A.L.R., Rodriguez, and A.L.R.'s father, Raphael Ramos, appeared *pro se* before Administrative Law Judge ("ALJ") Nancy G. Pasiecznik for a hearing. (Tr. 50-79). A second hearing was held before ALJ Donald T. McDougall on December 23, 2014, at which A.L.R., Rodriguez, and Ramos again appeared *pro se*. (Tr. 80-95). Rodriguez and Ramos testified at both hearings, while A.L.R. did not testify. (Tr. 50-79, 80-95). On May 20, 2015, ALJ McDougall issued his decision denying A.L.R.'s SSI claim. (Tr. 18-42). Rodriguez, now represented by counsel, requested review by the Appeals Council (Tr. 15), but on September 7, 2016, the Appeals Council denied Rodriguez's request, making the ALJ's decision the final decision of the Commissioner (Tr. 1-6). This action followed.

## DISCUSSION

I. *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the

Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II. <u>Standards for Determining "Disability" Under the Act</u>

An individual under the age of eighteen is considered disabled within the meaning of the Act "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §1382c(a)(3)(C)(i). The Commissioner has set forth a three-step process to determine whether a child is disabled as defined under the

Act. *See* 20 C.F.R. §416.924. At step one, the ALJ determines whether the child is engaged in substantial gainful work activity. *See id.* §416.924(b). If so, the child is not disabled. *Id.* If not, the ALJ proceeds to step two and determines whether the child has a medically determinable impairment(s) that is "severe." *Id.* §416.924(c). If the child does not have a severe impairment(s), he or she is not disabled. *Id.* If the child does have a severe impairment(s), the ALJ continues to step three. At step three, the ALJ examines whether the child's impairment(s) meets, medically equals, or functionally equals the listed impairments in Appendix 1 to Subpart P of Part 404 of the Commissioner's regulations (the "Listings"). *Id.* §416.924(d). In determining whether an impairment(s) functionally equals the Listings, the ALJ must assess the child's functioning in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for [him or herself]; and (6) health and physical well-being. *Id.* §416.926a(b)(1)(i)-(vi). To functionally equal the Listings, the child's impairment(s) must result in "marked" limitations in two domains or an "extreme" limitation in one domain. *Id.* §416.926a(a). A child has a "marked" limitation when his or her impairment(s) "interferes seriously" with his or her ability to independently initiate, sustain, or complete activities. *Id.* §416.926a(e)(2). A child has an "extreme" limitation when his or her impairment(s) "interferes very seriously" with his or her ability to independently initiate, sustain, or complete activities. *Id.* §416.926a(e)(3). If the claimant has an impairment(s) that meets, medically equals, or functionally equals the Listings, and the impairment(s) meets the duration requirement, the ALJ will find the claimant disabled. *Id.* §416.924(d).

III. *ALJ McDougall's Decision*

ALJ McDougall determined at the first step of the three-step process that A.L.R. has not engaged in substantial gainful activity since July 26, 2012, the date of his SSI application. (Tr. 24). At the second step, ALJ McDougall determined that A.L.R. has the following severe impairments: attention deficit hyperactive disorder ("ADHD") and oppositional defiance disorder ("ODD"). (Tr. 24). At the third step, ALJ McDougall found that A.L.R. does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (Tr. 25). ALJ McDougall then proceeded to consider whether A.L.R. has an impairment or combination of impairments that functionally equals the Listings, but he concluded that A.L.R. does not because A.L.R. has either no limitation or less than a marked limitation in the six domains. (Tr. 26-37). As a result, ALJ McDougall held that A.L.R. has not been disabled within the meaning of the Act since his July 26, 2012 application date. (Tr. 37).

IV. *Rodriguez's Challenges*

Rodriguez challenges the Commissioner's disability decision on two grounds: first, that ALJ McDougall failed to adequately develop the record, and second, that ALJ McDougall's credibility determination is flawed. (*See* Dkt. No. 12-1 (Rodriguez's Memo. of Law)).

A. *Development of the Record*

Given "the essentially non-adversarial nature of a benefits proceeding," the ALJ "must . . . affirmatively develop the record." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996) (quoting *Echevarria v. Sec'y of Health & Human Servs.*, 685 F.2d 751, 755 (2d Cir. 1982)). Where, as here, the claimant appeared *pro se* before the ALJ, "the ALJ is under a

heightened duty to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990) (internal quotation marks and citations omitted). Here, Rodriguez argues that ALJ McDougall failed to adequately develop the record by not obtaining A.L.R.'s treatment records from Child and Adolescent Treatment Services ("CATS") and all of A.L.R.'s preschool and kindergarten records. The Court agrees.

### 1. *CATS Treatment Records*

Rodriguez testified that A.L.R. received mental health treatment from CATS in 2014. (Tr. 57, 85-86). After the second hearing, ALJ McDougall obtained an evaluation from CATS dated February 11, 2015 (Tr. 372-73, 515-21), but he did not obtain any records regarding the treatment or services A.L.R. received at CATS prior to that date. Although the February 11, 2015 CATS evaluation states that A.L.R. did not receive counseling prior to the evaluation (Tr. 516), this statement appears to be incorrect given that Rodriguez testified at both hearings that A.L.R. received counseling at CATS throughout 2014. ALJ McDougall's failure to obtain the missing CATS records prejudiced A.L.R.'s claim because the ALJ relied on the absence of the records in discounting A.L.R.'s and his parents' credibility. (Tr. 28). Accordingly, this case is remanded for further development of the record with regard to A.L.R.'s CATS records.[3]

---

[3] The Commissioner argues that ALJ McDougall was not required to obtain treatment records from CATS because the Social Security Administration does not require mental health treatment providers to disclose "psychotherapy notes," which are defined as notes that "document[ ] or analyz[e] the contents of conversation during a private counseling session." 45 C.F.R. §164.501. However, it is unclear whether the missing CATS records are psychotherapy notes or some other type of record. The ALJ should explore this issue on remand.

2. *Educational Records*

A.L.R. attended pre-school at Monarch Little Learners Academy during the 2011-2012 and 2012-2013 school years and attended kindergarten at Buffalo City Schools during the 2013-2014 and 2014-2015 school years. (*See* Tr. 63, 85, 190, 398, 516). A.L.R. repeated kindergarten in 2014-2015 because of academic issues. (Tr. 85, 516). The record does not contain educational records from A.L.R.'s time at Monarch Little Learners Academy in 2013 (*see* Tr. 193-283) or his time in kindergarten at Buffalo Public Schools from 2013 through 2015. Although ALJ Pasiecznik requested records from Buffalo Public Schools after the first hearing (Tr. 341-52, 356-67), Buffalo Public Schools did not respond to the request, and it seems that ALJ McDougall did not make a follow up request for the records before or after the second hearing. ALJ McDougall's failure to obtain all of A.L.R.'s educational records is problematic because he gave "great" and "significant" weight to two medical opinions based on his belief that the opinions were consistent with A.L.R.'s educational background. (Tr. 29). Without having reviewed all of A.L.R.'s educational records, the ALJ could not have properly concluded that A.L.R.'s educational background supported the two opinions. *See Sotososa v. Colvin,* No. 15-CV-854-FPG, 2016 WL 6517788, at *3 (W.D.N.Y. Nov. 3, 2016). Accordingly, this case is also remanded for further development of the record with regard to A.L.R.'s educational records.

B. *Credibility*

The ALJ should make a new credibility determination on remand after further developing the record with the CATS and educational records as discussed above.

## **CONCLUSION**

For the foregoing reasons, Rodriguez's motion for judgment on the pleadings (Dkt. No. 12) is granted, the Commissioner's motion for judgment on the pleadings (Dkt. No. 17) is denied, and this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated: July 2, 2018
Buffalo, New York

*/s/ Michael J. Roemer*
MICHAEL J. ROEMER
United States Magistrate Judge